Rachael Lavi, Bar No. 294443
rlavi@littler.com
James A. Becerra, Bar No. 308459
jbecerra@littler.com
Brian D. Tuttle, Bar No. 355368
btuttle@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
San Bernardino, California 90067.3107
Telephone: 310.553.0308
Facsimile: 800.715.1330

Attorneys for Defendants
DARDEN RESTAURANTS, INC. and
GMRI, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VIVIANA EVELYN GONZALEZ, individually, and on behalf of others similarly situated,

Plaintiff,

v.

DARDEN RESTAURANTS, INC., an unknown business entity; GMRI, INC., and DOES 1 through 100, inclusive,

Defendants.

Case No. 5:26-cv-04718

**DEFENDANTS DARDEN RESTAURANTS, INC. AND GMRI, INC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

Trial Date: None Set
Complaint Filed: June 10, 2026

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF VIVIANA EVELYN GONZALEZ, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Darden Restaurants, Inc. ("Darden") and GMRI, Inc. ("GMRI") (together "Defendants") hereby remove the state court action described herein, filed by Plaintiff Viviana Evelyn Gonzalez ("Plaintiff") in the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. Defendants make the following allegations in support of their Notice of Removal:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## II. VENUE

2. This action was filed in the Superior Court for the State of California for the County of San Bernardino. Accordingly, venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84(d), 1441(a), and 1446(a).

## III. PLEADINGS, PROCESS, AND ORDERS

3. On June 10, 2026, Plaintiff Vivian Evelyn Gonzalez ("Plaintiff") filed her Complaint in this case in the Superior Court of California for the County of San Bernardino, Case No. CIVSB2618334, entitled *VIVIAN EVELYN GONZALEZ,*

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

*individually, and on behalf of others similarly situated, Plaintiff vs. DARDENE RESTAURANTS, INC., an unknown business entity, GRMI, INC., and DOES 1 through 100, inclusive; Defendants* (hereinafter, "Complaint"). Plaintiff's Complaint contains thirteen causes of action: (1) Failure to provide and/or make available meal periods (Cal. Lab. Code §§ 226.7 & 512); (2) Failure to authorize and permit rest periods (Cal. Lab. Code § 226.7; (3) Conversion of Tips; (4) Money had and received; (5) Violation of California Labor Code §§ 218, 221 & 224; (6) Failure to pay minimum wages (Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, 1197.7); (7) Failure to timely pay wages (Cal. Lab. Code § 204); (8) Waiting Time Penalties (Cal. Lab. Code §§ 201-203); (9) Failure to provide timely and accurate itemized wage statements (Cal. Lab. Code §§ 226, 1174); (10) Failure to maintain accurate records (Cal. Lab. Code § 1174(d)); (11) Failure to reimburse business expenses (Cal. Lab. Code § 2802); (12) Unlawful business practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); and (13) Failure to produce personnel and payroll records (Cal. Lab. Code §§ 226, 1198.5, 432.5). (See Declaration of Rachael Lavi in Support of Defendants' Notice of Removal to Federal Court ("Lavi Decl."), ¶ 2.) Attached hereto as **Exhibit A** is a true and correct copy of the Class Action Complaint.

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

4. On June 10, 2026, Plaintiff filed a Certificate of Assignment. *Id.* at ¶ 3. Attached hereto as **Exhibits B** is a true and correct copy of the Certificate of Assignment.

5. On June 25, 2026, Plaintiff filed a Civil Case Cover Sheet. *Id.* at ¶ 4. Attached hereto as **Exhibit C** is a true and correct copy of the Civil Case Cover Sheet.

6. On July 1, 2026, the Clerk of the San Bernardino County Superior Court issued a Notice of Case Assignment and Notice of Case Management Conference. *Id.* at ¶ 5. Attached hereto as **Exhibit D** is true and correct copy of the July 1 filing.

7. On July 1, 2026, the Clerk of the San Bernardino County Superior Court issued a Summons on Complaint. *Id.* at ¶ 6. Attached hereto as **Exhibit E** is a true and correct copy of the Summons.

8. On July 9, 2026, the Clerk of the San Bernardino County Superior Court issued a Summons on Complaint. *Id.* at ¶ 7. Attached hereto as **Exhibit F** is a true and

correct copy of the Summons.

9. On July 20, 2026, Plaintiff served Defendant GMRI with the Summons and Complaint in this action. *Id.* at ¶ 7.

10. On July 21, 2026, Plaintiff served Defendant Darden with the Summons and Complaint in this action for Defendant Darden Restaurants, Inc. *Id.* at ¶ 8.

11. On July 23, 2026, Plaintiff filed a Proof of Service of Summons of GMRI, Inc. *Id.* at ¶ 10. Attached hereto as **Exhibit G** is a true and correct copy of the filed Proof of Service of Summons.

12. On July 31, 2026, Plaintiff filed a Proof of Service of Summons of Darden Restaurants, Inc. and an Amended Civil Cover Sheet. *Id.* at ¶ 11. Attached hereto as **Exhibits H and I** are true and correct copies of the filed Amended Civil Case Cover Sheet and Proof of Service of Summons, respectively.

13. On August 5, 2026, Plaintiff filed a Proof of Service. *Id.* at ¶ 12. Attached hereto as **Exhibit J** is a true and correct copy of the filed Proof of Service.

14. On August 18, 2026, Defendants filed their Answer to Plaintiff's Class Action Complaint. *Id.* at ¶ 13. Attached hereto as **Exhibit K** is a true and correct copy of the Answer.

15. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the San Bernardino County Superior Court or served by any party. To Defendants' knowledge, no proceedings related hereto have been heard in the San Bernardino County Superior Court. *Id.* at ¶ 14.

## IV. TIMELINESS OF REMOVAL

16. At the earliest, an action may be removed from state court by filing a notice of removal—together with a copy of all process, pleadings, and orders served on the defendant—within thirty days of defendant receiving service of the initial pleading. See 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day removal period runs from the service of the summons and complaint).

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

17. However, the 30-day period for removal "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 691–92 (9th Cir. 2005) (internal quotations omitted). "[A]s long as the complaint or 'an amended pleading, motion, order or other paper' [received by the defendant] does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michael's Stores, Inc*., 742 F.3d 1234, 1238 (9th Cir. 2014) (emphasis added).

18. If the case stated by the initial pleading does not reveal on its face that it is removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).

19. Here, Plaintiff's Complaint did not allege that the amount-in-controversy is in excess of the jurisdictional threshold on its face, and Defendants did not receive any amended pleading, motion, order, or other paper that showed this action was removable. *See generally Compl*. Defendants were under no obligation to investigate the basis for removal when the grounds for removal were not apparent on the face of the complaint. *Kenny v. Wal-Mart Stores, Inc*., 881 F.3d 786, 791 (9th Cir. 2018). Therefore, the 30-day removal window has not begun, and Defendants are entitled to remove at any time as a matter of law. *Roth v. CHA Hollywood Med. Cntr., L.P*., 720 F.3d 1121, 1126 (9th Cir. 2013).

## V. CAFA JURISDICTION

1. As set forth above, CAFA vests district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The removal statute requires a defendant

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). As set forth below, this case meets each CAFA requirement for removal.

**A. This is a Class Action.**

20. Plaintiff filed this action as a class action. Compl., ¶ 1 ("Plaintiff Viviana Evelyn Gonzalez … brings this class action on behalf of herself and the Class against and Defendants Darden Restaurants, Inc., GMRI, INC., and DOES 1 through 100, inclusive...").

**B. The Proposed Class Contains At Least 100 Members**

21. Plaintiff seeks to represent a class consisting of "all hourly-paid, non-exempt employees employed by any Defendant in California at any time from four years prior to the filing of this complaint through the date of judgment." Compl., ¶ 3. Defendants have employed more than 100 non-exempt employees at its restaurants in California during the four years prior to Plaintiff's filing of her Complaint. Thus, CAFA's requirement that the putative class consist of 100 or more individuals is satisfied.

**C. Defendants Are Not Government Entities**

22. CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A).

23. Defendants are corporations, not states, state officials, or other government entities exempt from CAFA.

**D. There is Diversity Between At Least One Putative Class Member and One Defendant.**

24. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the unnamed putative class members. *See Snyder v. Harris*, 394 U.S. 332, 340 (1969) ("[I]f one member of a class is

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

of a diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court."). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). At least minimal diversity of citizenship exists here because Plaintiff and Defendants are citizens of different states.

25. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place she resides with the intention to remain). Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (presumption in favor of an established domicile as against an allegedly newly acquired one).

26. Here, upon information and belief, at the time Plaintiff commenced this action and at the time of removal, Plaintiff resided in the State of California. *See* Compl., ¶ 15 ("Plaintiff VIVIANA EVELYN GONZALEZ is an individual residing in the State of California, County of San Bernardino").

27. Darden is now, and was at the time the Complaint was filed, a citizen of a state other than the State of California within the meaning of 28 U.S.C. § 1332(c)(1) because Darden is now, and was at the time the Complaint was filed, a corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (adopting the "nerve center" test, which locates a corporation's principal place of business in the place "where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is "typically" the corporation's headquarters). The majority of Darden's

executive and administrative functions are performed, and the majority of its executive and administrative officers are located, in the State of Florida. Accordingly, Darden is, and at all relevant times has been, a citizen of the State of Florida. 28 U.S.C. § 1332(c)(1).

28. GMRI is now, and was at the time the Complaint was filed, a citizen of a state other than the State of California within the meaning of 28 U.S.C. § 1332(c)(1) because GMRI is now, and was at the time the Complaint was filed, a corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida. The majority of GMRI's executive and administrative functions are performed, and the majority of its executive and administrative officers are located, in the State of Florida. Accordingly, GMRI is also, and at all relevant times has been, a citizen of the State of Florida. 28 U.S.C. § 1332(c)(1).

29. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

30. Accordingly, the named Plaintiff is a citizen of a state different from both Darden and GMRI, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E. The Amount in Controversy Exceeds $5,000,000.**

31. Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

32. In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), the Supreme Court recognized that, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 89. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 87.

33. For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on his claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co*., 31 F. 3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is what amount is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Lewis v. Verizon Commc'., Inc*., 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability."); *Ibarra v. Manheim Invs., Inc*., 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

34. Defendants deny the validity and merit of the entirety of Plaintiff's claims and the claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the allegations of Plaintiff's Complaint establish that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000.

35. Plaintiff asserts claims against Defendants on behalf of "all hourly-paid, non-exempt employees employed by Defendants in California" at any time from September 2022 to December 2022, and January 2023 to August 2023. *See* Compl., ¶¶ 3-4. She asserts that she and the members of the putative class she seeks to represent are entitled to damages beginning four years prior to the filing of her Complaint. See, e.g., *id.* at ¶¶ 3-5 ("Class Members do not receive meal and rest period premium payments for these missed or non-compliant breaks."), *id.* at ¶ 41 ("This scheme involves, inter alia, failing to pay them for

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

all hours worked and for missed (short, late, interrupted, and altogether missed) meal periods and rest breaks in violation of California law."). Defendants allege, on information and belief, that between September 2022, and the present, GMRI employed at least 7,000 individuals in non-exempt positions at its restaurants in California. Thus, upon information and belief, there are at least 7,000 individuals who fall within the scope of the putative class that Plaintiff seeks to represent in this action.

36. The Complaint asserts the following thirteen causes of action on behalf of the putative class members: (a) failure to provide meal periods in violation of California Labor Code §§ 226.7 and 512; (b) failure to authorize and permit rest periods in violation of California Labor Code § 226.7; (c) conversion of tips; (d) money had and received; (e) unlawful deductions from wages in violation of California Labor Code §§ 218, 221, and 224; (f) failure to pay minimum wages in violation of California Labor Code §§ 1182.12, 1194, 1194.2, 1197, and 1197.7; (g) failure to timely pay all wages during employment in violation of California Labor Code § 204; (h) failure to timely pay all wages due at separation in violation of California Labor Code §§ 201-203; (i) failure to provide complete and accurate wage statements in violation of California Labor Code §§ 226, 1174; (j) failure to maintain accurate payroll records in violation of California Labor Code § 1174(d); (k) failure to reimburse business expenses in violation of California Labor Code § 2802; (l) unfair business practices in violation of California Business & Professions Code §§ 17200, et seq; and (m) failure to produce personnel and payroll records in violation of California Labor Code §§ 226, 1198.5, and 432.5. Compl., ¶¶ 56-167.

37. Based on the allegations in the Complaint, the amount that Plaintiff has placed in controversy is at least $14,475,000, as summarized and explained below.

38. **<u>Failure To Provide Meal Periods</u>**. In her First Cause of Action (failure to provide meal periods), Plaintiff alleges that "Plaintiff and other class members who scheduled to work for a period of time" long enough to entitle them to meal periods under California law but that Defendants "regularly denied timely, uninterrupted, duty-free 30-minute meal breaks." *Id.* at ¶¶ 5, 43, 61-62. Plaintiff also alleges that "Plaintiff and other

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

class members are entitled to recover from defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." *Id.* at ¶ 66.

39. Under the California Labor Code, if an employer fails to provide an employee a meal period in accordance with California law, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal . . . period is not provided." Cal. Lab. Code § 226.7(c).

40. Defendants allege, on information and belief, that between September 2022, and the present, Defendants' non-exempt, hourly-paid employees in California worked more than 250,000 pay periods in the aggregate. Assuming that Plaintiff and each of the putative class members were not provided just one meal period during each of these 250,000 pay periods, the amount in controversy as to Plaintiff's meal period claim would be at least $3,750,000 (250,000 meal period premiums x $15.00 per hour).[1] This is a conservative estimate given Plaintiff's allegations that (1) Plaintiff and the putative class members worked shifts long enough to entitle them to meal breaks and that Defendants maintain a "uniform policy and systematic scheme of wage abuse" involving, among other things, "failing to pay [putative class members] … for missed (short, late, interrupted, and altogether missed) meal periods … in violation of California law" (Compl., ¶ 41), and (2) Defendants allegedly did not pay the putative class members an additional hour of pay for those meal periods at their regular rate of compensation. *Id.*, at ¶ 5 ("Class Members do not receive meal and rest period premium payments for these missed or non-compliant breaks.").

41. **Failure to Authorize and Permit Rest Periods**. In her Second Cause of Action, Plaintiff similarly alleges that Defendants "routinely and systematically fail to schedule break times in a manner that provides sufficient coverage to continue operations

[1] The California minimum wage in effect on July 9, 2022 (i.e., four years before this lawsuit was filed) for employers with more than 25 employees was $15.00/hour. On information and belief, Defendants paid many of the putative class members more than minimum wage throughout the applicable four-year period. Moreover, the state minimum wage has increased incrementally since 2022, making this calculation an underestimate of the meal period premiums in controversy for that additional reason.

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

while allowing timely, uninterrupted . . . rest breaks." *Id.* at ¶ 5; *see also id.* at ¶ 44. Plaintiff also alleges that "Plaintiff and other class members are entitled to recover from Defendants one hour of additional pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided." *Id.* at ¶ 76.

42. Under the California Labor Code, if an employer fails to provide an employee a rest period in accordance with California law, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the . . . rest . . . period is not provided." Cal. Lab. Code § 226.7(c).

43. Defendants allege, on information and belief, that between July 2022, and the present, Defendants' non-exempt, hourly-paid employees in California worked more than 250,000 pay periods in the aggregate. Assuming that Plaintiff and each of the putative class members were not authorized and permitted to take just one rest period during each of these 250,000 pay periods, the amount in controversy as to Plaintiff's rest period claim would be at least $3,750,000 (250,000 meal period premiums x $15.00 per hour).[2] This is a conservative estimate given Plaintiff's allegation that Defendants employed "a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees" that resulted in their employees not being given compliant rest periods and that Defendants did not pay the putative class members an additional hour of pay for those rest periods at their regular rate of compensation. Compl. at ¶ 41.

44. California Labor Code section 203 provides for waiting time penalties if an employer willfully fails to pay all wages due to an employee "who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a).

45. Plaintiff seeks waiting time penalties on behalf of each putative class member whose employment ended during the applicable limitations period. *See* Compl., ¶¶ 116-123 (alleging that Defendants failed to pay Plaintiff and the other class members within

[2] This is an underestimate of the rest period premiums in controversy. *See* supra note 1.

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

seventy-two (72) hours of their leaving Defendants' employment, thus entitling them to waiting time penalties).

46. The statute of limitations for Plaintiff's waiting time penalty claim is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395 (2010) ("[No] one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages."). Penalties under California Labor Code § 203(a) are calculated at an employee's final daily rate of pay (i.e., the employee's final wage rate multiplied by the employee's average shift length) multiplied by the number of days of waiting time penalties (up to 30 days). *Mamika v. Barca*, 68 Cal. App. 4th 487, 491-93 (1998).

47. Defendants allege, on information and belief, that Defendants employed at least 3,000 individuals in non-exempt positions at Defendants' restaurants in California whose employment with Defendants ended on or after June 10, 2023, that these employees worked an average of at least five-hour shifts, and that their hourly rate of pay has at all times been at least the California state minimum wage. Accordingly, a conservative estimate of the minimum amount in controversy with respect to Plaintiff's waiting time penalty claim is at least $6,975,000 (3,000 former putative class members x $15.50/hour x 5 hours x 30 days).[3] This figure, standing alone, satisfies CAFA's jurisdictional minimum.

48. The amount placed in controversy by Plaintiff's causes of action for alleged meal period violations, rest period violations, and unpaid waiting time penalties is at least $14,475,000. Each of Defendants' amount-in-controversy calculations discussed above is conservative, and the actual amount in controversy is likely higher. In addition, Plaintiff seeks to recover wage statement penalties (Tenth Cause of Action), unpaid overtime (Third Cause of Action), unpaid minimum wages (Seventh Cause of Action), unreimbursed

[3] The California minimum wage in effect on June 10, 2023, (i.e., three years before this lawsuit was filed) for employers with more than 25 employees was $15.50/hour. On information and belief, Defendants paid many of the putative sub-class members more than minimum wage throughout the applicable three-year period. Moreover, the state minimum wage has increased incrementally since 2022, making this calculation an underestimate of the waiting time penalties in controversy for this additional reason.

expenses (Twelfth Cause of Action), allegedly converted tips (Fourth Cause of Action), and attorneys' fees, which Defendants have not factored into the amount-in-controversy calculations summarized above. Their inclusion would increase the amount in controversy. Therefore, CAFA's jurisdictional requirement that the amount in controversy exceed $5,000,000, exclusive of interest and costs, is easily satisfied in this action.

## VI. NOTICE TO PLAINTIFF AND STATE COURT

49. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of San Bernardino.

WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, pursuant to CAFA.

Dated: August 19, 2026

LITTLER MENDELSON, P.C.

*/s/ Rachael Lavi*
Rachael Lavi
James A. Becerra
Brian D. Tuttle

Attorneys for Defendants
DARDEN RESTAURANTS, INC. and
GMRI, INC.

4925-2158-8678.2 / 069299.1335

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308